```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

LEONARD SALESKY,                :    Civil No. 10-5158 (JBS)
                                :
          Plaintiff,            :
                                :
     v.                         :    **OPINION**
                                :
KAREN BALICKI, *et al*.         :
                                :
          Defendant.            :

**APPEARANCES:**

Leonard Salesky                      Dianne M. Moratti
719571A 522644                       Deputy Attorney General
South Woods State Prison             25 Market Street
215 Burlington Road South            P.O. Box 112
Bridgeton, NJ 08302                  Trenton, N.J. 08625-0112
Plaintiff pro se                     Counsel for State Defendants

**SIMANDLE**, District Judge:

Plaintiff Leonard Salesky, a prisoner confined at South Woods State Prison, initially filed a "Motion for an Emergent Order To Prevent Untimely Death of Petitioner" in his 28 U.S.C. § 2254 case (Docket No. 10-4806).  By Order dated October 5, 2010, this Court severed that motion into this separate 42 U.S.C. § 1983 matter [Docket Item 2].  Plaintiff was ordered that within thirty days of that order he shall file an Amended Complaint spelling out his claim under Section 1983.  Due to the apparent gravity of Plaintiff's medical situation, Defendants were ordered to show cause why a temporary restraining order should not be

issued directing defendants to provide medical care and treatment to Plaintiff.  On October 20, 2010, Defendants filed their Letter in Lieu of a Formal Brief in Response to Claims Regarding Plaintiff's Medical Care [Docket Item 3].[1]  On November 1, 2010, the Court received a letter from Plaintiff in response to Defendants' filing [Docket Item 4].  On that date, the Court also received Plaintiff's Amended Complaint [Docket Item 5].  Plaintiff has paid the $350 filing fee.

At this time, the Court must determine the outcome of Plaintiff's request for preliminary injunctive relief and review the amended complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I.  BACKGROUND

The factual allegations taken from Plaintiff's Motion and Amended Complaint are accepted as true for purposes of this review.

In his Motion, Plaintiff alleges that he presented initial symptoms of illness to prison medical authorities in March of

---

[1] The Court greatly appreciates the rapid responsiveness of the Attorney General's Office and Deputy Attorney General Dianne M. Moratti in addressing the Court's request, even before the Plaintiff prepared his Amended Complaint setting forth his claim under 42 U.S.C. § 1983.

2010, but as of his filing on September 24, 2010, six months had elapsed without treatment for what has now been diagnosed as esophageal cancer.

On October 20, 2010, Defendants filed their letter brief and Certification of Dr. Hesham Soliman, which states that Mr. Salesky has received continuous medical care, including many consultations with various medical professionals.  Defendants argue that while Plaintiff would like to have his treatment begin immediately, there are preliminary tests required in order to determine the proper course of treatment.  The final test required, an MRI, was administered on October 15, 2010, when Plaintiff also was seen by the oncology and surgical medical professionals at St. Francis Medical Center.  On October 18, 2010, the oncologist recommended surgery and radiation and/or chemotherapy.

Defendants assert that Plaintiff has received the proper care, and it would have been unethical to initiate treatment without the proper preliminary testing.

The Certification by Dr. Hesham Soliman, University Correctional Healthcare Regional Medical Director - Southern Region, in part, states the following regarding Mr. Salesky's medical history:

- ■ On April 15, 2010, Mr. Salesky was seen by the medical department for right groin pain, left chest pain, and

> elevated PSA.  A chest X-ray, EKG, and urology consultation were ordered.

- On April 28, 2010, Mr. Salesky was seen by a urologist who recommended a prostate biopsy, which was conducted on May 24, 2010 and revealed focus of atypia.
- On July 6, 2010 during a scheduled urology follow-up visit, Mr. Salesky was examined for his complaints of heart burn and chest burning and was scheduled for a GI evaluation.
- The GI evaluation was conducted on July 21, 2010, and a EGD and colonoscopy were done on August 10, 2010.
- On August 16, 2010, the biopsy revealed an invasive squamous cell in the distal esophagus.  A chest and abdominal CT scan were recommended, along with a follow-up with oncology.
- The chest and abdominal CT scan were completed on August 31, 2010, and Mr. Salesky was advised of the results on September 8, 2010.
- On September 17, 2010, Mr. Salesky was seen by oncology.  An abdominal MRI, PET scan, endoscopic ultrasound, and radiation oncology evaluation were ordered.

- On September 28, 2010, the oncology recommendations were discussed with Mr. Salesky, who expressed anger that treatment would not begin immediately.
- The PET scan was done on October 5, 2010, and the MRI was done on October 13, 2010.
- On October 15, 2010, Mr. Salesky was seen by oncology and surgical medical professionals, and on October 18, 2010, the oncologist recommended surgery and radiation and/or chemotherapy.
- A surgical consult was requested on October 18, 2010.

Dr. Soliman certifies that the medical staff is taking all steps to ensure that Mr. Salesky is taken into surgery as quickly as possible.

Plaintiff alleges in his Amended Complaint that Defendants exhibited deliberate indifference by not diagnosing esophageal cancer when he was initially seen in April of 2010 and did not immediately place him on a course of treatment in April 2010. Plaintiff objects to the current proposed surgical treatment plan and argues that he should instead be treated with radiation. Plaintiff seeks an Order from this Court requiring that he be placed on a radiation treatment plan at this time.

II. PLAINTIFF'S MOTION FOR EMERGENT RELIEF

District of New Jersey Local Civil Rule 65.1(a) provides, in pertinent part, that "[a]ny party may apply for an order

5

requiring an adverse party to show cause why a preliminary injunction should not issue....  No order to show cause to bring on a matter for hearing will be granted except on a clear and specific showing by affidavit or verified pleading of good and sufficient reasons why a procedure other than by notice of motion is necessary."

Injunctive relief is "an extraordinary remedy never awarded as of right."  Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 377 (2008).  To secure the extraordinary relief of a preliminary injunction, Plaintiff must demonstrate that "(1) he is likely to succeed on the merits; (2) denial will result in irreparable harm; (3) granting the injunction will not result in irreparable harm to the defendant[s]; and (4) granting the injunction is in the public interest."  Maldonado v. Houston, 157 F.3d 179, 184 (3d Cir. 1998), cert. denied, 526 U.S. 1130 (1999).  A plaintiff must establish that all four factors favor preliminary relief.  See Opticians Ass'n of America v. Independent Opticians of America, 920 F.2d 187, 191 (3d Cir. 1990).

Plaintiff does not establish that all four factors weigh in his favor.  Most noticeably, while Plaintiff here would argue, according to the second factor, that denial of his request for injunctive relief would result in irreparable harm, this Court disagrees.  Plaintiff has been seen by numerous medical

6

professionals and has received the multiple medical tests that are required before determining a course of treatment.  Plaintiff is now on track to begin receiving treatment in the form of surgery and radiation and/or chemotherapy.  Simply because Plaintiff disagrees with the course of treatment and the speed in which treatment is rendered does not support the argument that Plaintiff will be irreparably harmed.  He has not been denied access to treatment, nor have any reasonable requests been ignored.

    Additionally, nowhere in his papers has Plaintiff established that he is likely to succeed on the merits.  To succeed on the merits of his Eighth Amendment claim of deliberate indifference to serious medical needs, Mr. Salesky will be required to prove that he has a serious medical need and that the behavior of named prison officials constitutes deliberate indifference to that need.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1976); <u>Rouse v. Plantier</u>, 182 F.3d 192 (3d Cir. 1999).  A diagnosis of esophageal cancer would satisfy the requirement of a serious medical need, since a denial of treatment could result in unnecessary and wanton infliction of pain or a life-long handicap or serious loss.  <u>Monmouth County Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987), <u>cert.</u> <u>denied</u>, 486 U.S. 1006 (1988).  It is unlikely that Mr. Salesky will be able to prove the second prong, however, namely that the named officials are

acting with deliberate indifference to his need for treatment. "Deliberate indifference" requires proof that the official knew of and disregarded an inmate's serious condition, causing excessive risk to his safety. Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003) (citing Farmer v. Brennan, 511 U.S. 825, 837 (1994)). It requires proof of more than mere malpractice or negligence or second-guessing a physician's reasonable choice of treatment. Id., 511 U.S. at 837-38. It further requires more than mere disagreements with medical judgment. White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990). Even if a doctor's judgment concerning the proper course of medical treatment is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation. Estelle, 429 U.S. at 105-06; White, 897 F.3d at 110.

Under the presently available evidence, summarized above, it appears quite unlikely that the prison's medical staff are being deliberately indifferent or that they have a mindset of causing needless suffering or pain by delaying needed treatment. The officials have arranged for diagnosis and treatment by specialists in well-established medical facilities. When the diagnosis was confirmed, the pace of treatments quickened in October, 2010. Hopefully, these treatments will meet with success and improvement in Mr. Salesky's condition. If the situation changes toward deliberate indifference that meets the

Eighth Amendment's constitutional standard, Plaintiff must first file an administrative claim and exhaust available remedies before seeking to amend his Complaint to raise new claims. Plaintiff must also demonstrate, as to any new medical claim, that he has filed an administrative claim and exhausted his available remedies before seeking relief in court, as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). See Nyhuis v. Reno, 204 F.3d 65, 66 (3d Cir. 2000). Upon the present record, Plaintiff's request for preliminary injunctive relief will be denied.

### III. CONCLUSION

Based upon the foregoing, Plaintiff's request for preliminary injunctive relief is denied. Plaintiff's claims in the Amended Complaint will be permitted to proceed against Defendants.[2] An appropriate order follows.

s/ Jerome B. Simandle
Jerome B. Simandle
United States District Judge

Dated: **November 29, 2010**

---

[2] Plaintiff submitted his Amended Complaint (Docket Item 5), and he paid his filing fee on November 9, 2010. Since Plaintiff is not proceeding in forma pauperis, the U.S. Marshal cannot make service of process. It will be Plaintiff's responsibility to arrange for personal service of process of his Amended Complaint upon the named defendants Warden Karen Balicki and the University of Medicine and Dentistry of New Jersey, unless those defendants agree to accept such service by mail. The Clerk will be instructed to issue to Plaintiff the summonses he will need for service.