IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LEONARD SALESKY,<br><br>                Plaintiff,<br><br>   v.<br><br>KAREN BALICKI, et al.,<br><br>                Defendants. | Civil Action<br>No. 10-5158 (JBS-KMW)<br><br>**MEMORANDUM OPINION** |

**SIMANDLE,** Chief Judge:

    This matter comes before the Court on Plaintiff Leonard Salesky's "Motion for Medical Care Urgent." [Docket Item 37.] Plaintiff is incarcerated at South Woods State Prison, and he contests the quality of his medical care.[1] Plaintiff's motion will be denied because Plaintiff has not shown that he is likely to prevail on his claim that the prison medical officers have shown deliberate indifference to his current medical needs, based on evidence currently available on this record. The Court finds as follows:

    1.  Plaintiff's motion is dated March 30, 2013; it was received by the Court and entered on the docket on April 3, 2013. [Docket Item 37.] Plaintiff asserts that he "has been experiencing the same symptoms that was [sic] diagnosed as

---

[1] This action originated with a previous motion for urgent medical care [Docket Item 1] that the Plaintiff filed in a habeas corpus action [Civ. No. 10-4806]. The present Opinion only addresses Docket Item 37 and does not express a final determination of this claim which has been presented in the current motion.

esophageal cancer in 2010 and resulted in the cause of action for the case at bar . . . ." (Pl. Mot. Medical Care Urgent ("Pl. Mot.") at 1.) He claims that he filed a request for medical care on March 17, 2013 and was seen by a nurse on March 19, 2013. (Pl. Mot. at 1.) He asserts that the nurse entered his symptoms in a computer but, as of March 30, 2013, he had not been called back for an appointment with a nurse practitioner, which is the next step in the medical process. (Pl. Mot. at 1-2.) He states, "In view of the need for timely treatment for cancer, plaintiff is at risk for his life." (Pl. Mot. at 2.)

2.   The Court issued an Order on April 5, 2013 [Docket Item 38] ordering Defendants to respond to Plaintiff's motion within seven days. Defendants filed a response on April 10, 2013 [Docket Item 39], including a certification from Department of Corrections Medical Director Ralph Woodward based upon his review of Plaintiff's medical records [Docket Item 39-1]. Plaintiff's records reflect that Plaintiff's last appointment with a specialist was on February 20, 2013. (Woodward Cert. ¶ 6.) According to the records, Plaintiff requested "clinical sick call triage" on March 18, 2013.[2] (Woodward Cert. ¶ 3.) Plaintiff was seen by a nurse on March 19, 2013 and by a physician's

---

[2] Woodward asserts that Plaintiff first filed his request for medical care on March 18, 2013, not March 17, as Plaintiff asserts. This factual difference is immaterial to the Court's analysis.

assistant on April 2, 2013. (Woodward Cert. ¶¶ 4, 6.) A heparin lock flush was ordered, along with several medical tests, including an upper GI, a comprehensive metabolic panel, complete blood count with differential, and a cardiac risk profile. (Woodward Cert. ¶ 7.) Woodward asserts that Plaintiff "will return to medical for follow-up once the testing is complete." (Woodward Cert. ¶ 7.)

    3.   On April 17, 2013, Plaintiff filed a "Supplemental to Motion for Medical Care" [Docket Item 40]. Plaintiff asserts that "[t]o date there has not been a diagnosis or attempt to diagnosis [sic] plaintiff's symptoms." (Pl. Supplemental to Mot. for Medical Care ("Pl. Supp.") at 1.) He claims that "[a]n endoscope was scheduled and then cancelled" and that he has "been informed . . . that his case will be handled by the oncologist at the University Medical Dental New Jersey . . . ." (Pl. Supp. at 1.) Plaintiff notes that the oncologist is unavailable to see him "for a minimum of two weeks." (Pl. Supp. at 1.) He complains that he "has never met or been examined by Dr. Ralph Woodward" and that his chemotherapy port was flushed by a nurse on February 20, 2013, but he did not see a doctor. (Pl. Supp. at 2.) Plaintiff states that the risk of the "delay in diagnosis" is "metastasis and tumor growth." (Pl. Supp. at

3

2.) He concludes, "Medical diagnosis and treatment delayed is medical diagnosis and treatment denied." (Pl. Supp. at 2.)

4. Plaintiff's motion will be considered as a motion for a temporary restraining order because Plaintiff requests emergency intervention in the form of a Court order dictating medical care. "To secure the extraordinary relief of a temporary restraining order or preliminary injunction, plaintiff must demonstrate that: (1) he is likely to succeed on the merits; (2) denial will result in irreparable harm to him; (3) granting the injunction will not result in irreparable harm to the defendants; and (4) granting the injunction is in the public interest." N. v. Rooney, CIV. 03-1811(JBS), 2003 WL 21432590, at * 5 (D.N.J. June 18, 2003) (citing Maldonado v. Houstoun, 157 F.3d 179, 184 (3d Cir. 1998)). Plaintiff must show that he is likely to succeed on all four factors. Opticians Ass'n of Am. v. Indep. Opticians of Am., 920 F.2d 187, 192 (3d Cir. 1990) ("Only if the movant produces evidence sufficient to convince the trial judge that all four factors favor preliminary relief should the injunction issue.")

5. Plaintiff is unlikely to succeed on the merits. Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including adequate medical care. Farmer v. Brennan, 511 U.S. 825, 832 (1994). An Eighth

4

Amendment claim for inadequate medical care must show that prison officials were deliberately indifferent to the plaintiff's medical needs:

> a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment . . . . In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs.

Estelle v. Gamble, 429 U.S. 97, 106 (1976).

6.   In the present case, while it appears that Plaintiff may have serious medical problems, there is no indication that prison officials are showing deliberate indifference to those problems. Plaintiff was seen by a nurse within one or two days of making his initial request for medical care, he was seen by a physician's assistant two weeks after his first appointment, and multiple tests have been ordered. He was scheduled to see an oncologist at UMDNJ as soon as an appointment could be obtained. Under the realities of the health care system, it is not unusual that such consultations are unavailable for several weeks; such treatment is neither cruel nor unusual. Prison medical officers are attending to Plaintiff and, at the present time, there is no indication of deliberate indifference.

7.   Based on the information presently before the Court, Plaintiff is unlikely to succeed on the merits and, therefore,

5

he has not satisfied the first factor in the temporary restraining order analysis. Because Plaintiff must satisfy all four factors to obtain relief, the Court will deny Plaintiff's motion without prejudice. The accompanying Order will be entered.

**May 2, 2013**                                       **s/ Jerome B. Simandle**
Date                                                       JEROME B. SIMANDLE
                                                                         Chief U.S. District Judge