**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

```
LEONARD SALESKY,              :    Civil No. 10-5158 (JBS)
                              :
          Plaintiff,          :
                              :
     v.                       :    OPINION
                              :
KAREN BALICKI, et al.         :
                              :
          Defendants.         :
```

**APPEARANCES:**

Leonard Salesky
719571A 522644
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ  08302
     Plaintiff pro se

John J. Hoffman
Acting Attorney General of New Jersey
     By:  Susan M. Scott
          Deputy Attorney General
Office of the NJ Attorney General
R.J. Hughes Justice Complex
P.O. Box 112
Trenton, NJ  08625
     Counsel for Defendants

**SIMANDLE,** Chief Judge:

This matter comes before the Court on a Motion to Dismiss [31] filed pursuant to Fed. R. Civ. P. 12(b)(6) by Defendants Karen Balicki and South Woods State Prison.  The Court has reviewed the relevant filings by the parties with regard to this motion, and will grant the motion.

### I.   Background

Plaintiff Leonard Salesky, a prisoner confined at South Woods State Prison, initially filed a "Motion for an Emergent Order To Prevent Untimely Death of Petitioner" in his 28 U.S.C. § 2254 case (Docket No. 10-4806).  By Order dated October 5, 2010 (docket entry no. 2), this Court severed that motion into this separate 42 U.S.C. § 1983 matter.  Thereafter, Plaintiff filed an Amended Complaint (docket entry no. 3) against Karen Balicki and University of Medical and Dental of New Jersey regarding medical treatment received by Plaintiff while in custody.  Later, Plaintiff filed an amendment to the complaint (docket entry no. 18) at which time South Woods State Prison and University Correctional Healthcare were added as defendants.

Defendants Balicki and South Woods State Prison now bring this motion for an order to dismiss Plaintiff's Complaint as against them pursuant to Fed. R. Civ. P. 12(b)(6).

Plaintiff does not allege any facts against these defendants in any of the filings made in this matter.

### II.  Standard of Review

Under Fed. R. Civ. P. 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  Fleisher v. Standard Ins. Co., 679 F.3d

116, 120 (3d Cir. 2012). The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Allegations that are no more than legal conclusions are not entitled to the same assumption of truth. Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012). To determine if a complaint meets the pleading standard, the Court must strip away conclusory statements and "look for well-pled factual allegations, assume their veracity, and then determine whether they plausibly give rise to an entitlement of relief." Id. (internal quotation marks omitted).

**III. Analysis**

    **1.  Defendant South Woods State Prison**

Plaintiff names the South Woods State Prison (SWSP) as a defendant. However, SWSP must be dismissed from this action pursuant to the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State, or by Citizens or

Subjects of any Foreign State."  As a general proposition, a suit by private parties seeking to impose a liability which must be paid from public funds in a state treasury is barred from federal court by the Eleventh Amendment, unless Eleventh Amendment immunity is waived by the state itself or by federal statute. See, e.g., Edelman v. Jordan, 415 U.S. 651, 663 (1974).  The Eleventh Amendment protects states and their agencies and departments from suit in federal court regardless of the type of relief sought.  See Pennhurst State School and Hospital v. Halderman, 465 U.S. 89, 100 (1984).  Similarly, absent consent by a state, the Eleventh Amendment bars federal court suits for money damages against state officers in their official capacities.  See Kentucky v. Graham, 473 U.S. 159, 169 (1985). Section 1983 does not override a state's Eleventh Amendment immunity.  See Quern v. Jordan, 440 U.S. 332 (1979).

Additionally, the SWSP must be dismissed from this lawsuit because it is not a "person" subject to liability under § 1983. See Grabow v. Southern State Correctional Facility, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a person under § 1983).  Therefore, all claims against the SWSP will be dismissed with prejudice.

    **2.**    **Defendant Balicki**

Further, it appears that Plaintiff is asserting a claim of liability against defendant Balicki on the sole basis that she

4

was the administrator of SWSP.  The complaint fails to allege any facts in support of a claim based on supervisor liability.  In his complaint, Plaintiff did not allege any facts whatsoever in support of any claim of supervisory liability as against defendant Balicki.  Accordingly, the complaint should be dismissed as against defendant Balicki pursuant to Iqbal.

As a general rule, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.  See Iqbal, 129 S. Ct. at 1948; Monell v. New York City Dept. Of Social Servs., 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); Robertson v. Sichel, 127 U.S. 507, 515-16 (1888) ("A public officer or agent is not responsible for the misfeasances or position wrongs, or for the nonfeasances, or negligences, or omissions of duty, of subagents or servants or other persons properly employed by or under him, in discharge of his official duties").  In Iqbal, the Supreme Court held that "[b]ecause vicarious or supervisor liability is inapplicable to Bivens[1] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."  Iqbal, 129 S.Ct. at 1948.  Thus, each government official is liable only for his or her own conduct.  The Supreme Court rejected the

---

[1] Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

contention that supervisor liability can be imposed where the official had only "knowledge" or "acquiesced" in their subordinates conduct.  See id., 129 S. Ct. at 1949.

Here, there are no allegations of any wrongful conduct with respect to defendant Balicki, other than identifying her as an administrator.  Accordingly, any § 1983 claims must be dismissed as against this defendant.

### IV. Conclusion

Based on the foregoing, the Motion to Dismiss [31] filed pursuant to Fed. R. Civ. P. 12(b)(6) by Defendants Karen Balicki and South Woods State Prison will be granted and the Complaint against Defendants Karen Balicki and South Woods State Prison shall be dismissed.  An appropriate order follows.


 s/ Jerome B. Simandle 
JEROME B. SIMANDLE
Chief U.S. District Judge

Dated: **June 21, 2013**